On Rehearing.
By the WHOLE COURT.
LECHE, J.
A re-examination of the record in this ease shows clearly that the owners of the tractors which were destroyed by fire on July 9, 1920, as well as the plaintiff mortgagee and the defendant insurer all acted in perfect good faith. No fraud was charged or proved, and'it" is evident that no fraud was intended by any of these parties. But defendant, relying upon the clause contained in the policy which it issued to the plaintiff, the Investors’ Mortgage Company, to the effect that said.policy shall be null and void “if at the time a loss occurs there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected,” pleads violation of that condition, and as a result of said violation asks that the court decree the policy to have been thereby canceled and annulled. In other words, defendant contends, even in the absence of the perpetration of any fraud or of any intent to perpetrate fraud, and where it is bound to concede that all parties in interest acted in good faith, that the policy which it issued payable directly to plaintiff as mortgagee, was voided as a result of the cited condition, because the owners of the.tractors, who are not shown to have known that such, a policy *638 had been issued, obtained other insurance upon the same property.
[3] We said in our original opinion that the plaintiff mortgagee had collected from the owners, mortgagors, the amount of the premium -paid to defendant for insurance, and we further stated that, “under this state of facts it seems clear that the Investors’ Mortgage Company was acting as the agent of the mortgagors in the confection of the policy.” But in point of fact plaintiff obtained the policy sued on for its own account and paid the premium thereon out of its own funds, though it had the right to claim reimbursement of such premium from the owners in accordance with the terms of a special stipulation in the act of mortgage. We were therefore in error when we made tfie statement that plaintiff was acting as the agent of the mortgagors. Plaintiff had an insurable interest in the property, and was acting in its own behalf. Defendant knew what that insurable interest was, and it issued the policy to protect plaintiff from possible loss by fire of that interest.
It must be observed that the policy in suit is not such as is known as the ordinary standard policy, with the usual rider, making the loss payable to plaintiff, as “its interest may - appear.” Here the interest of plaintiff appears on the face of the policy, and then are added, the words: “Loss payablé to Investors’ Mortgage Company, or holder or holders of mortgage notes.” This is not a conditional stipulation, for it recognizes and fixes the interest of the plaintiff in the property insured. It then appears upon the face of the policy as well as from the uncontradicted circumstances under which the policy was issued that the owners of the property were not parties to that contract. This being established, it is impossible to conceive how one who is not a party to a contract can violate its terms and thereby annul and cancel it, and it would therefore be illogical and unreasonable to hold that the owners of the property violated and thereby annulled a contract of insurance between plaintiff and defendant, in the issuance of which they had no part.
It was decided in the case of Thompson v. Equity Fire Insurance Company, 17 Ont. L. Rep. p. 214, in regard to the condition forbidding additional insurance in any other company, that this does not extend in terms to other parties than the insured, and that it cannot apply to policies effected by others without the knowledge of the insured. The court cites as additional authority Bunyan (5th Ed.) 273, 274, and Park v. Phoenix Ins. Co., 19 U. C. Q. B. 110 at page 119.
It may be that the other policy which issued directly to the owners of the tractors was void as to the tractors for being double insurance and contra bonos mores, but that question is not before us. In point of fact the record shows that the insurer deducted the value of the tractors when it settled after the fire, with the owners, under 'their policy covering other property besides the tractors.
[4] Defendant complains in this court that the judgment under revision allows plaintiff more than the amount prayed for in its original petition. That is literally true, but the judicial admissions of defendant on the trial of the case estop it from now questioning the amount of plaintiff’s claim. The note of evidence recites that plaintiff’s claim is admitted to amount to $4,250, and that the property was destroyed by fire on July 9, 1920. The original petition states that plaintiff’s claim amounts to $3,760. The policy itself, as well as the notes identified with the mortgage, show the interest of plaintiff to be $4,250. The clerical error in the original petition was corrected by a supplemental petition of which defendant accepted service. While it is true that the supplemental petition was not put at issue by default or by an *640 answer, the admission made by defendant on the trial of the case amounts to a confession of truth as to its correctness.
For these reasons our former judgment is set aside and annulled, and it is now ordered that the judgment appealed’ from be affirmed at the cost of defendant and appellant.
ST. PAUL, X, concurs in the decree.
O’NIELL, O. X, and BRUNOT, X, dissent.